J. A30044/17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :       IN THE SUPERIOR COURT OF
                                :            PENNSYLVANIA
                v.            :
                                  :
ELLIOTT ZANE RICHARDS,         :          No. 1780 WDA 2016
                                  :
               Appellant     :

Appeal from the PCRA Order, October 27, 2016,
in the Court of Common Pleas of Clarion County
Criminal Division at No. CP-16-CR-0000011-2015

BEFORE: BOWES, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        FILED MARCH 26, 2018

Appellant, Elliott Zane Richards, appeals from the October 27, 2016 order of the Court of Common Pleas of Clarion County denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. After careful review, we affirm.

The PCRA court provided the following recitation of the relevant facts:

> The Affidavit of Probable Cause included in the record indicates that on November 28, 2014, the Pennsylvania State Police responded to a report of an aggravated assault at the home of Cassey Myers, who was 33 weeks pregnant. Ms. Myers related to police that a verbal argument between her and [appellant] had turned physical when [appellant] slapped her several times in the face, head, and neck area. She stated that he had also pushed her down several times and put his hand over her mouth, chin, and neck area, and had punched her several times in the abdomen while making the statement "this baby has to die." The police reported that Ms. Myers had sustained a

bump on her left chin area, a front chin bruise, two bumps on the back of her head, a bruise on her right neck area, and a neck strain.

[Appellant] was charged with Aggravated Assault, Aggravated Assault of Unborn Child; Simple Assault, Harassment – Subject Other to Physical Contact, and two counts of Terroristic Threats with Intent to Terrorize Another.[1]  Following a jury trial, [appellant] was found guilty on all charges.  At sentencing, the [trial] court found that the Simple Assault charge merged with the Aggravated Assault charge.  [Appellant] was sentenced to 80 to 160 months' incarceration on the Aggravated Assault charge, 70 to 140 months on the Aggravated Assault of an Unborn Child charge, and 12 to 24 months on each of the Terrorist[ic] Threats charges.  The sentences on the two Aggravated Assault charges would run consecutively, while the sentences on the two Terroristic Threats charges would run concurrently with each other and with the Aggravated Assault sentences, resulting in an aggregate sentence of 150 to 300 months.

PCRA court opinion, 1/14/16 at 1-2.

Appellant filed timely post-sentence motions, which were denied by the trial court on January 14, 2016.  No direct appeal to this court was filed.  On July 12, 2016, appellant filed a pro se petition for relief pursuant to the PCRA. The PCRA court appointed Sara J. Seidle, Esq., to serve as appellant's counsel for his PCRA petition.  On October 7, 2016, Attorney Seidle filed a no-merit letter pursuant to Turner/Finley[2] and filed a motion to withdraw as counsel.

---

[1] 18 Pa.C.S.A. §§ 2702(a), 2606(a), 2701(a), 2709(a)(1), and 2706(a)(1), respectively.

[2] See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

On October 12, 2016, the PCRA court granted Attorney Seidle's motion to withdraw and entered a notice of intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On October 24, 2016, appellant filed a pro se response to the PCRA court's Rule 907 notice of intent to dismiss. The PCRA court dismissed appellant's PCRA petition on October 27, 2016.

On November 18, 2016, appellant filed a notice of appeal to this court. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant complied on December 12, 2016. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on January 13, 2017.

Appellant raises the following issues for our review:

> I. Did the lower court err in finding no merit to the claims raised in the PCRA petition, and in denying the petition without a hearing, where trial counsel was ineffective for failing to request a jury instruction on self-defense as to all of the charges against [appellant], and for failing to make sufficient argument at trial that in light of all the evidence presented at trial the issue of self-defense should have been decided by a jury, and, therefore, [appellant] was entitled to a self-defense instruction? Further, was PCRA counsel ineffective for failing to present this meritorious claim?
>
> II. Did the PCRA court abuse its discretion in finding no merit to the claims raised in the PCRA petition, and denying the petition without a hearing, where [appellant] averred that the court committed fundamental error by instructing the jury on voluntary intoxication

- 3 -

when such instruction was irrelevant to [appellant's] defense and such instruction confused or misled the jury in determining [appellant's] guilt? Further, was trial counsel ineffective for failing to object to the charge after it had been given by the court, and previous PCRA counsel ineffective for failing to raise the issue in an amended PCRA petition?

III. Did both post-sentence counsel and PCRA counsel provide ineffective assistance when they failed to challenge the verdict as against the weight of the evidence presented?

Appellant's brief at 7.

PCRA petitions are subject to the following standard of review:

"[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." Commonwealth v. Dennis, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. Id. at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived, id. § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[.] Id. § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of an issue[.]" Id. § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." Id. § 9544(b).

Commonwealth v. Treiber, 121 A.3d 435, 444 (Pa. 2015).

In all three of his issues presented for our review, appellant avers ineffective assistance of counsel by both his trial counsel and his first PCRA counsel, Attorney Seidle. Ineffective assistance of counsel claims are governed by the following standard:

> To be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from Commonwealth v. Pierce, 527 A.2d 973, 975-976 (Pa. 1987).[Footnote 5] Counsel is presumed to have rendered effective assistance. Commonwealth v. Ali, 10 A.3d 282, 291 (Pa. 2010). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Commonwealth v. Jones, 912 A.2d 268, 278 (Pa. 2006). Finally, because a PCRA petitioner must establish all the Pierce prongs to be entitled to relief, we are not required to analyze the elements of an ineffective assistance claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis. Ali, 10 A.3d at 291.

> > [Footnote 5] Pierce reiterates the preexisting three-prong test for ineffective assistance of counsel in Pennsylvania and holds it to be consistent with the two-prong performance and prejudice test in Strickland v. Washington, 466 U.S. 668 (1984). Pierce, 527 A.2d at 976-977.

Trieber, 121 A.3d at 444-445.

"[A]bsent recognition of a constitutional right to effective collateral review, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." Commonwealth v. Ford, 44 A.3d 1190, 1201 (Pa.Super. 2012). A petitioner's failure to raise an ineffectiveness of counsel claim after receiving Rule 907 notice results in waiver of the claim. Commonwealth v. Pitts, 981 A.2d 875, 880 n.4 (Pa. 2009). See also Commonwealth v. Rigg, 84 A.3d 1080, 1084 (Pa.Super. 2014) (waiving Appellant's claim of ineffectiveness of derivative PCRA counsel for failure to assert it in response to Rule 907 notice).

Commonwealth v. Smith, 121 A.3d 1049, 1054 (Pa.Super. 2015), appeal denied, 136 A.3d 981 (Pa. 2016) (citations omitted). When presenting a layered claim of ineffective assistance of counsel, a petitioner under the PCRA is required to develop all three prongs of the Pierce standard as they pertain to trial counsel. Commonwealth v. Hall, 872 A.2d 1177, 1184 (Pa. 2005), citing Commonwealth v. McGill, 832 A.2d 1014, 1022 (Pa. 2003), Commonwealth v. Rush, 838 A.2d 651, 656 (Pa. 2003). Failure on the part of the petitioner to develop all three Pierce prongs will result in a failure to "establish the arguable merit prong of the claim of subsequent counsels' ineffectiveness." Hall, 872 A.2d at 1184, citing McGill, 832 A.2d at 1022, Rush, 838 A.2d at 656.

In the instant appeal, appellant raised the issue of ineffective assistance of counsel in his response to the PCRA court's Rule 907 notice to dismiss. Accordingly, we shall address these claims on their merits.

In his first issue for our review, appellant avers that trial counsel was "ineffective for failing to request a jury instruction on self-defense as to all of the charges against [appellant]," and for failing to "make sufficient argument" that appellant was entitled to a self-defense instruction. (Appellant's brief at 13.) Appellant also avers that his initial PCRA counsel was ineffective for failing to present this claim. (Id.) We disagree.

In order for a defendant to successfully claim self-defense, he or she must demonstrate the following three elements: (1) the defendant reasonably believed that he was in imminent danger of death or serious bodily injury and that the use of deadly force was necessary to prevent such harm; (2) the defendant did not provoke the incident which resulted in the use of force; and (3) the defendant did not violate any duty to retreat. Commonwealth v. Mouzon, 53 A.3d 738, 740 (Pa. 2012) (citations omitted). The Commonwealth has the burden of disproving self-defense beyond a reasonable doubt, and may do so by disproving any one of the three self-defense elements the defendant must meet. Id. at 740-741.

Our cases also hold that a trial court is not required to provide a jury with instructions pertaining to legal principles that are not relevant to the facts presented to the jury. Commonwealth v. Buksa, 655 A.2d 576, 583 (Pa.Super. 1995), appeal denied, 664 A.2d 972 (Pa. 1995). Put another way,

> [i]n reviewing a challenge to the trial court's refusal
> to give a specific jury instruction, it is the function of

> this Court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is considered inadequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.

Commonwealth v. Sandusky, 77 A.3d 663, 667 (Pa.Super. 2013), quoting Commonwealth v. Thomas, 904 A.2d 964, 970 (Pa.Super. 2006) (internal citations, quotation marks, and brackets omitted).

The record reflects that appellant's trial counsel requested that a self-defense instruction be provided to the jury only on the simple assault charge. (See notes of testimony, 8/13/15 at 76-77.) The trial court denied counsel's request on the grounds that appellant did not raise any sort of justification defense. In his post-sentence motions, appellant again averred that the trial court erred in its refusal to provide the jury with self-defense instructions. The trial court denied appellant's post-sentence motion pertaining to the self-defense instruction, stating that,

> no testimony from Cassey Myers, or any other unspecified "numerous individuals," established that the unlawful force allegedly used by [appellant] had arisen out of an honest, bona fide belief that he was in imminent danger. Although Cassey Myers testified

> that she struck [appellant], she did not testify that [appellant] appeared to genuinely fear imminent death or serious bodily injury, or that [appellant] used unlawful force against her arising from that fear.

PCRA court opinion, 1/14/16 at 4. Therefore, because the record supports the trial court's decision, this claim lacks arguable merit, and appellant's claim of ineffective assistance of trial counsel must fail. Accordingly, because appellant failed to satisfy all three prongs under the Pierce test as they pertain to trial counsel's ineffectiveness, appellant's claim of his initial PCRA counsel's ineffectiveness must also fail due to lack of any arguable merit.

In his second issue for our review, appellant avers that the trial court erred when it provided the jury with an instruction pertaining to voluntary intoxication, and that appellant's previous counsel was ineffective for having failed to object to the instruction, therefore failing to preserve the issue for review on direct appeal. (Appellant's brief at 23.) Appellant also avers that his initial PCRA counsel was ineffective for failing to raise this issue.

Upon review of the record, we find that this claim has been previously litigated, and therefore is not cognizable under the PCRA. See 42 Pa.C.S.A. § 9543(a)(3). In his brief, appellant implausibly avers that prior counsel was ineffective for failing to object to a voluntary intoxication jury instruction, before reproducing an excerpt of the record in which his trial counsel makes that very objection during an on-the-record discussion outside of the jury's presence prior to closing arguments. (See appellant's brief at 23-24.)

We note that appellant fails to provide any citations to authority that further develop what appears to be the proposition that raising an objection to the voluntary intoxication instruction during sidebar prior to closing arguments was not sufficient to preserve the issue for appellate review. To the contrary, the Pennsylvania Rules of Criminal Procedure require only that "specific objections [be] made [to jury instructions] before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury." Pa.R.Crim.P. 647(C); see also Commonwealth v. Sherwood, 892 A.2d 483, 505 (Pa. 2009), cert. denied, 559 U.S. 1111 (2010); Commonwealth v. Montalvo, 956 A.2d 926, 935-936 (Pa. 2008), cert. denied, 556 U.S. 1186 (2009).

Further, our supreme court has warned that,

> PCRA claims are not merely direct appeal claims that are made at a later stage in the proceedings, cloaked in a boilerplate assertion of counsel's ineffectiveness. In essence, they are extraordinary assertions that the system broke down. To establish claims of constitutional error or ineffectiveness of counsel, the petitioner must plead and prove by a preponderance of the evidence that the system failed (i.e., for an ineffectiveness or constitutional error claim, that in the circumstances of his case, including the facts established at trial, guilt or innocence could not have been adjudicated reliably), that his claim has not been previously litigated or waived, and where a claim was not raised at an earlier stage of the proceedings, that counsel could not have had a rational strategic or tactical reason for failing to litigate these claims earlier.

Commonwealth v. Rivers, 786 A.2d 923, 929 (Pa. 2001).

In the instant appeal, appellant's second issue appears to be little more than an attempt to seek appellate review by cloaking the issue in a boilerplate assertion of previous counsel's ineffectiveness, which has been belied by the record. Accordingly, this issue is not cognizable under the PCRA, and we need not review the merits of the issue.

In his third and final issue for our review, appellant avers through a layered ineffective assistance of counsel claim that both his post-sentence counsel and his initial PCRA counsel "failed to challenge the verdict as against the weight of the evidence presented." This issue, however, is framed in both appellant's pro se PCRA petition and in Attorney Seidle's Turner/Finley letter as a sufficiency of the evidence issue. In his brief, appellant, acknowledging this discrepancy, states that a "careful reading of [appellant's] arguments reveal[s] that he was in fact maintaining the weight of the evidence presented did not support the jury's verdict." (Appellant's brief at 28.) We disagree.

Our supreme court described the critical differences between a sufficiency of the evidence and a weight of the evidence claim as follows:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Commonwealth v. Karkaria, 625 A.2d 1167 (Pa. 1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. Commonwealth v. Santana, 333 A.2d 876 (Pa. 1975). When reviewing

> a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Commonwealth v. Chambers, 599 A.2d 630 (Pa. 1991).
>
> A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Commonwealth v. Whiteman, 485 A.2d 459 (Pa.Super. 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. Tibbs v. Florida, 457 U.S. 31, 38 n. 11 (1982). An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. Commonwealth v. Brown, 648 A.2d 1177 (Pa. 1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Thompson v. City of Phila., 493 A.2d 669, 673 (Pa. 1985). A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." Id.

Commonwealth v. Widmer, 744 A.2d 745, 751-752 (Pa. 2000).

A review of appellant's pro se PCRA petition reflects that appellant did not concede that the evidence presented was sufficient to sustain the jury's verdict. Indeed, much of appellant's argument consists of statements indicating that he lacked the requisite intent to commit aggravated assault. We will therefore review appellant's sufficiency of the evidence claim, in order

to determine whether appellant's underlying ineffective assistance of counsel claim has any arguable merit.

The statute defines aggravated assault as when a person "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Our supreme court has further defined aggravated assault as "the fundamental equivalent of murder in which, for some reason, death fails to occur." Commonwealth v. O'Hanlon, 653 A.2d 616, 618 (Pa. 1995).

A lack of serious injuries sustained by a victim, however, does not necessarily preclude the Commonwealth from charging a defendant with aggravated assault and being able to present sufficient evidence to warrant a conviction. "Where the injury actually inflicted did not constitute serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding that the blow delivered was accompanied by the intent to inflict serious bodily injury." Commonwealth v. Alexander, 383 A.2d 887, 889 (Pa. 1978); see also Commonwealth v. Martuscelli, 54 A.3d 940, 948 (Pa.Super. 2012) ("Where the victim does not suffer serious bodily

injury, the charge of aggravated assault can be supported only if the evidence supports a finding of an attempt to cause such injury.").[3]

In order to determine intent, the Alexander court established four factors to consider upon review. When determining whether a defendant acted with requisite intent to inflict serious bodily injury, we must consider the following: (1) whether there was a disparity in size and strength between the defendant and the victim; (2) whether the defendant would have escalated the attack had he or she not been otherwise restrained; (3) whether the defendant was in possession of a weapon; and (4) whether the defendant made any statements indicative of his or her intent to "inflict further injury upon the victim." Alexander, 383 A.2d at 889; see also Commonwealth v. Matthew, 909 A.2d 1254, 1259 (Pa. 2006) (reaffirming the Alexander test); Commonwealth v. Fortune, 68 A.3d 980, 986 (Pa.Super. 2013) (en banc), appeal denied, 78 A.3d 1089 (Pa. 2013) (same).

In order to determine whether the Commonwealth presented sufficient evidence to warrant a conviction of aggravated assault, we must first determine if the victim suffered serious bodily injury. Should we find that there is an absence of serious bodily injury, we must then determine whether appellant intended to inflict serious bodily injury upon the victim.

---

[3] "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." Alexander, 383 A.2d at 889, quoting Pa.C.S.A. § 901(a).

Here, the victim did not suffer injuries that constitute the "serious injuries" contemplated by Section 2301. The victim "sustained a bump on her left chin area, a front chin bruise, two bumps on the back of her head, a bruise on her right neck area, and a neck strain." (PCRA court opinion, 1/14/16 at 2.) None of these injuries rises to the level of injuries enumerated by the statute, which requires "serious or permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Therefore, we must determine whether appellant acted with the requisite intent to inflict serious bodily injury upon the victim.

In order to determine whether appellant acted with the intent to inflict serious bodily injury upon the victim, we shall consider the four factors established by the Alexander court. First, we note that there is a significant disparity in size and strength between the victim and appellant. Indeed, appellant was six feet, three inches tall, and weighed over 300 pounds. While the record does not reflect the victim's height and weight, the record does indicate that she was 33 weeks pregnant, and appellant's brief further states that the victim was "exhausted and miserable," at the time of the incident in question. (Appellant's brief at 26, 29.) For the second Alexander factor, the record reflects that appellant escalated the incident by following the victim up the stairs, thus continuing the altercation. (See notes of testimony, 8/11/15 at 144-145.) The third Alexander factor is inapplicable in this case, as the record does not indicate that appellant had a weapon in his possession.

Finally, under the fourth Alexander factor, the record reflects that appellant stated that the baby "had to die" as he repeatedly punched the victim in the abdomen. (Id. at 100-102, 173.) We find that this statement indicates an intent to inflict further injury upon the victim.

After considering the four factors established by the Alexander court, we, therefore, find that the Commonwealth presented sufficient evidence to support appellant's conviction of aggravated assault. Accordingly, appellant's underlying claim of ineffective assistance of trial counsel lacks arguable merit, and must therefore fail under Pierce. Likewise, due to appellant's failure to satisfy the three Pierce prongs pertaining to his trial counsel's representation, his ineffectiveness claim as it relates to his PCRA counsel must also fail for lack of arguable merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/2018