653 A.2d 616

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William O'HANLON, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1994.

Decided Jan. 20, 1995.

John W. Packel and Jeffrey P. Shender, Philadelphia, for W. O'Hanlon.

Catherine Marshall, Ronald Eisenberg and Hugh J. Burns, Philadelphia, for the Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

### OPINION

MONTEMURO, Justice.

The appellant in this case, driving while inebriated,[1] ran a red light and struck another vehicle, seriously injuring both the other driver and himself. He was convicted in a bench trial of aggravated assault and reckless endangerment, and was sentenced to a total of eleven and one half to twenty-three months imprisonment.

---

**1.** Appellant's blood alcohol content based on a blood serum reading was found to be .224 percent. A whole blood reading produced a blood alcohol count of .193 percent.

On appeal, appellant argued that the evidence was insufficient to support the verdict as the requisite mens rea of recklessness was not established. The Superior Court majority affirmed, finding that appellant could be held criminally culpable because even if appellant had been merely negligent and not reckless, driving while under the influence of alcohol is a gross deviation from the standard of care that a reasonable person would observe. We granted allocatur to determine the mens rea of recklessness necessary to establish aggravated assault.[2]

Aggravated assault is defined in pertinent part as follows:

§ 2702. **Aggravated Assault**

(a) **Offense defined.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

The statutory definition of recklessness states that,

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3).

■ The Superior Court here first applies this definition to appellant's act of becoming inebriated, and relying on *Commonwealth v. Scofield,* 360 Pa.Super. 552, 521 A.2d 40 (1987) *alloc. dnd.* 517 Pa. 593, 535 A.2d 82 (1987) adopts the *Scofield* theory that driving in a state of voluntary intoxication is recklessness per se.

---

**2.** No claim relating to the reckless endangerment conviction has been advanced before this Court.

However, the Superior Court, consistent with *Scofield*, fails to examine the increased degree of recklessness required by the aggravated assault statute, that is, recklessness "under circumstances manifesting extreme indifference to the value of human life." [3] The argument advanced in *Scofield* was limited to the contention that the appellant was merely negligent, not reckless. However, Scofield had ingested both alcohol, though not to a degree which would raise his blood alcohol level to legal intoxication, as well as barbiturates before entering his car. There was eyewitness testimony to the erratic and unsafe quality of his driving prior to the accident which deprived his victim of a leg. Scofield was therefore aware of the extent of his incapacity before he struck the victim with his automobile. Having lost control of his vehicle before the collision, he continued to drive, thus manifesting "an indifference to the value of human life," including his own.

The Superior Court here reasoned that even if it were to accept appellant's argument that he had been negligent only, his initial act of driving while intoxicated was still sufficient to render him criminally culpable, since such behavior is a gross deviation from the standard of care a reasonable person would observe. This conclusion derives, albeit imperfectly, from our opinion in *Commonwealth v. Heck*, 517 Pa. 192, 535 A.2d 575 (1987). In *Heck*, we held that ordinary negligence would not sustain a conviction for homicide by vehicle. Rather, we found that the statutory definition of negligence in the culpability section of the Crimes Code [4]

---

3. Although the Commonwealth argues that this particular aspect of appellant's theory was waived by appellant's failure to present it to the Superior Court, a review of the Superior Court Brief persuades us otherwise.

4. 18 Pa.C.S.A. § 302(a)

   (a) Minimum requirements of culpability.—Except as provided in section 305 of this statute (relating to limitations on scope of culpability requirements), a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense.
   18 Pa.C.S.A. § 302(b)(4) defines "negligently" as follows:
   A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable

encompassed not the lack of care necessary to prove tort liability, but criminal negligence, otherwise a conviction relying on this provision would violate due process. In essence, the negligence defined in § 302 is a higher degree of negligence than that required for tort liability, since it includes the mens rea component of a criminal offense.

■ Similarly, we find that mere recklessness is insufficient to support a conviction for aggravated assault, which requires a higher degree of culpability, i.e., that which considers and then disregards the threat *necessarily* posed to human life by the offending conduct. There must be an element of deliberation or conscious disregard of danger not present to the same extent in, e.g., either reckless endangerment, to which appellant admits, or driving while intoxicated. Aggravated assault is a second degree felony, reckless endangerment and driving under the influence of alcohol are second degree misdemeanors. The difference in grading reflects the relative seriousness of the crimes, and the differing levels of criminal intent involved. The quantum of recklessness required to prove the misdemeanors will not serve to support the felony.

■ As the Superior Court Dissent points out, for the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue. The recklessness must, therefore, be such that life threatening injury is essentially certain to occur. This state of mind is, accordingly, equivalent to that which seeks to cause injury. Examples of such behavior make the distinction clear. In *Commonwealth v. Daniels*, 467 Pa. 35, 354 A.2d 538 (1976), appellant had fired a gun into a crowd; in *Commonwealth v. Laing*, 310 Pa.Super. 105, 456 A.2d 204 (1983), appellant drove his car into a crowd, after having aimed it at an individual; in *Scofield*, the appellant drove at a pedestrian. See also, *Com-*

risk that the material element exists or will result from his conduct. The risk must be of such nature that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

*monwealth v. Hlatky,* 426 Pa.Super. 66, 626 A.2d 575 (1993); *Commonwealth v. Rohach,* 344 Pa.Super. 229, 496 A.2d 768 (1985). In each of these instances, the defendant could reasonably anticipate that serious bodily injury or death would be the likely and logical consequence of his actions. In each case, the consequence was ignored.

■ By contrast, however, appellant herein drove while intoxicated. Serendipity, not intention, placed the victim in his path when he drove through the red light. The record is not clear as whether he even saw the victim's car coming. The mens rea in such circumstances does not rise to the level of aggravated assault, which is as the Dissent also notes, only one step short of murder. Aggravated assault is, indeed, the functional equivalent of a murder in which, for some reason, death fails to occur. Appellant's behavior, while worthy of criminal penalty, is not so egregious as to find in homicide its analogue, and we find that this comparison was not intended by the legislative definition of aggravated assault.[5]

Accordingly the judgment of sentence of aggravated assault is vacated.

PAPADAKOS, J., files a dissenting opinion.

MONTEMURO, J., is sitting by designation.

PAPADAKOS, Justice, dissenting.

I am compelled to dissent to the majority's refusal to recognize drunken driving for what it really is. In this day and age when thousands and thousands of innocent travellers upon the nation's highways are being mangled and slaughtered each year by drunken drivers, the time is long past due when this court must say **STOP, ENOUGH IS ENOUGH!** Drunk drivers are brainless lethal weapons.

---

**5.** The Dissent would adopt the conclusion of the Superior Court in *Scofield* that driving while in a state of voluntary intoxication is recklessness per se. We, too, deplore such conduct; however, rendering it the legal equivalent of aggravated assault is a task which lies with the Legislature.

Is there anyone in America today who has been licensed to drive that does not know of the dangers of driving while in a state of intoxication? How can we say that a person who voluntarily drinks intoxicating beverages knowing that he or she will most likely drive a motor vehicle during the drinking session, or shortly thereafter, is not acting under circumstances manifesting extreme indifference to the value of human life?

I am in complete accord with the Superior Court concluding that driving in a state of voluntary intoxication is recklessness *per se.* I cannot conceive of a higher degree of recklessness than that conduct which places the drunken driver, himself or herself, in a position of extreme peril, much less than the dangers visited upon the innocent.

Perhaps I read the facts differently than does the majority. In my view, one who voluntarily becomes inebriated and drives is manifesting extreme indifference to the value of human life, his or her own included. I find that the statutory definition of aggravated assault is met and I, therefore, dissent and would affirm the Superior Court.