J-A07032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC ULYSSES DEAN | |
| Appellant | No. 980 WDA 2014 |

Appeal from the Judgment of Sentence March 11, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016733-2012

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.: **FILED MARCH 13, 2015**

Appellant, Eric Ulysses Dean, appeals from the March 11, 2014 judgment of sentence of six to 12 years' imprisonment imposed after being found guilty following a bench trial of one count of aggravated assault.[1] After careful review, we affirm.

The trial court has set forth the relevant factual history of this case as follows.

> At trial, the evidence established that on October 30, 2012, [Appellant] went to Bob's Tavern on Broadway Avenue in McKees Rocks with his friend, Willie Fuller. The pair arrived at 11:00 a.m. and drank and smoked marijuana throughout the day. The victim, Martin Dzubinski, arrived sometime that evening, as it was his custom to stop in at the

_____

[1] 18 Pa.C.S.A. § 2702(a)(1).

bar for a few beers after work. At 7:13 p.m., bar surveillance video showed Dzubinski leaving the bar, and [Appellant] following him 35 seconds later. One (1) minute and four (4) seconds later, [Appellant] returned and told Fuller that he had knocked somebody out. Fuller and the bartender went outside and found Dzubinski unconscious, lying in the middle of Broadway Avenue. Paramedics and police were called and Dzubinski was transported to Ohio Valley General Hospital and then transferred to Allegheny General Hospital the same evening, where he remained for 19 days, before being transferred to a rehabilitation facility. Dzubinski suffered a severe head injury with loss of function and loss of memory. He was released to the rehabilitation [facility] with a feeding tube and was unable to care for himself. He has since regained some function, but will not return to his previous level of functioning.

Trial Court Opinion, 9/10/14, at 2 (citations omitted).

On November 2, 2012, Appellant was charged with aggravated assault. On December 9, 2013, a two-day bench trial commenced. On December 10, 2013, the trial court found Appellant guilty of aggravated assault. Thereafter, on March 11, 2014, Appellant was sentenced to six to 12 years' imprisonment.

On March 13, 2014, Appellant filed a timely post-sentence motion asserting, *inter alia*, the evidence was insufficient to find him guilty of aggravated assault, and the verdict was against the weight of the evidence. Additionally, Appellant's post-sentence motion requested the trial court grant a 30-day extension to amend said motion upon receipt of the trial transcripts. On March 28, 2014, the trial court granted Appellant's request,

- 2 -

and on April 28, 2014, Appellant filed an amended post-sentence motion. On May 13, 2014, the trial court denied Appellant's post-sentence motion.

On June 11, 2014, Appellant filed a timely notice of appeal. Although not ordered to do so, on June 17, 2014, Appellant filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).[2] Thereafter, on September 10, 2014, the trial court filed its Rule 1925(a) opinion.

On appeal, Appellant raises the following issues for our review.

> I. Whether the [t]rial [c]ourt erred by convicting [] Appellant of [a]ggravated [a]ssault where the Commonwealth failed to present evidence that [] Appellant acted with the requisite recklessness demonstrating extreme indifference to human life?
>
> II. Whether the [t]rial [c]ourt abused its discretion at sentencing where the [t]rial [c]ourt relied upon inaccurate information, specifically that [] Appellant had used a weapon in the incident and that [] Appellant had previously been incarcerated in a state correctional institution, to arrive at the conclusion that [] Appellant was beyond rehabilitation[?]

Appellant's Brief at 5.

_____

[2] Appellant's Rule 1925(b) statement indicates that the trial court ordered Appellant to file a concise statement on June 11, 2014. However, said order is not included in the certified record, and the docket sheet indicates the order cannot be located. Nevertheless, because Appellant's Rule 1925(b) statement was filed within six days of his notice of appeal and the trial court's purportedly filed order, we deem Appellant's Rule 1925(b) statement timely filed. Further, all issues Appellant raises on appeal were included in his Rule 1925(b) statement.

In his first issue, Appellant argues the Commonwealth failed to present sufficient evidence to convict Appellant of aggravated assault. *Id.* at 12. Specifically, Appellant argues that "the scope of the injuries of the victim cannot serve as a basis to convict [] Appellant of [a]ggravated [a]ssault absent any evidence of intent to cause serious bodily injury." *Id.* at 17. Appellant further asserts, relying on our Supreme Court's holding in *Commonwealth v. O'Hanlon*, 653 A.2d 616 (Pa. 1995), that "mere recklessness is insufficient to support a conviction for aggravated assault, which requires a higher degree of culpability, *i.e.* that which considers and then disregards the threat necessarily posed to human life by the offending conduct." Appellant's Brief at 14-15, *quoting* *O'Hanlon*, *supra* at 618. Appellant argues the victim yelled a racial epithet at him, and that he responded by inflicting "one open-fisted blow to [the victim's] face, which caused him to fall to the ground and strike the pavement." Appellant's Brief at 18.

We begin by noting our well-settled standard of review. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, *Patterson v. Pennsylvania*, --- S.Ct. ---, 2015 WL 731963 (2015). "The Commonwealth

can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" ***Id.*** (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Id.*** (citation omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied*, ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

Instantly, Appellant was convicted of aggravated assault. A person commits aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Further, "serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the

function of any bodily member or organ." *Id.* § 2301. Intent is usually proven by inference through circumstantial evidence. ***Commonwealth v. Fortune***, 68 A.3d 980, 984 (Pa. Super. 2013) (*en banc*), *appeal denied*, 78 A.3d 1089 (Pa. 2013). "In determining whether intent was proven from such circumstances, the fact finder is free to conclude the accused intended the natural and probable consequences of his actions to result therefrom." ***Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa. Super. 2007) (quotation marks and citation omitted), *appeal denied*, 932 A.2d 74 (Pa. 2007).

Viewing the evidence in the light most favorable to the Commonwealth as the verdict-winner, we agree with the trial court that the evidence supports Appellant's conviction for aggravated assault. In its Rule 1925(a) opinion, the trial court concluded as follows.

> This evidence is clearly sufficient to support the conviction for [a]ggravated [a]ssault. [Appellant] admitted that he had knocked [the victim] out immediately after it happened. At the time there was no discussion of what that beating entailed, although at trial, [Appellant] testified that he only punched [the victim] once. [The trial c]ourt found [Appellant]'s testimony in that regard to be not credible particularly given the nature and severity of the victim's injuries and so [Appellant]'s sufficiency argument regarding the "one-punch" case law is simply inapplicable. Rather, the evidence demonstrates that the victim was beaten so severely in one (1) minute and four (4) seconds that he was not expected to survive. The evidence is more than sufficient to support the conviction for [a]ggravated [a]ssault.

Trial Court Opinion, 9/10/14, at 3.

Upon review of the record, we conclude the trial court's conclusion is supported. Officer David English testified for the Commonwealth that on October 30, 2012, he received a report of a man down on Broadway Avenue. N.T., 12/9/13, at 5. Upon arriving at the scene Officer English observed an unconscious male lying on the sidewalk. *Id.* Paramedics arrived and transported the victim to the hospital. *Id.*

On the following day, based on the condition of the victim, Detective Mike Feeney of the Allegheny County Police, Homicide Section, was contacted. *Id.* at 9-10. Detective Feeney testified that on November 2, 2012, the case was adopted by the Homicide Section as they "were notified by staff at Allegheny General Hospital that it was unlikely that [the victim] would survive the event." *Id.* at 10. Upon investigation, the security cameras show Appellant following the victim out of the bar and then returning one minute and four seconds later. *Id.* at 18.

Additionally, Willie Fuller testified that he had been drinking at the bar with Appellant from approximately 11:00 a.m. until the incident occurred slightly after 6:00 p.m. *Id.* at 26. Fuller testified that he was inside when Appellant and the victim had the altercation but that Appellant came back inside after and stated "I knocked somebody out." *Id.* at 27-28.

As previously noted, intent is usually proven by inference through circumstantial evidence. *Fortune*, *supra*. Further, because Appellant admitted he knocked the victim out, the trial court was free to conclude "the

accused intended the natural and probable consequences of his actions[.]" **Bruce**, **supra**. The evidence established the victim was gravely injured by Appellant's actions, and therefore, the circumstantial evidence was sufficient to prove that Appellant caused serious bodily harm to the victim. Further, the trial court was free to determine whether Appellant's testimony that he only struck the victim once was not credible. **See Watley**, **supra**. Based on the totality of the evidence presented, particularly the evidence that the victim was beaten so severely, the trial court found Appellant's one-punch theory not credible and therefore inapplicable. Trial Court Opinion, 9/10/14, at 3. As a result, Appellant is not entitled to relief on his first issue. **See Diamond**, **supra**.

In his second issue, Appellant asserts the trial court abused its discretion in sentencing him to six to 12 years' incarceration. Appellant's Brief at 20. Specifically, Appellant asserts the pre-sentence investigation (PSI) report, was based upon inaccurate information. **Id.**

We begin by noting our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014)

(citations omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014).

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal. [Therefore, b]efore we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-330 (Pa. Super. 2013)

(citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Instantly, Appellant has met the first two requirements by filing a timely notice of appeal and by raising his sentencing claim in his post-sentence motion. However, Appellant's brief does not include a Rule 2119(f) statement. In its brief, the Commonwealth notes this procedural error stating that "[A]ppellant has failed to include in his brief a Statement of Reasons for Allowance of Appeal, pursuant to Rule 2119(f). The Commonwealth therefore submits that there is a basis for finding his sentencing challenge in this respect to be waived." Commonwealth's Brief at

16-17 (footnote omitted).[3]  "If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects … this Court may not review the claim." ***Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013).  Accordingly, because Appellant has failed to comply with the technical requirements necessary to challenge the discretionary aspects of his sentence, and the Commonwealth has objected, we deny Appellant's petition for permission to appeal the discretionary aspects of his sentence. ***See Edwards***, ***supra***.

Based on the foregoing, we conclude Appellant's claims are either waived or devoid of merit.  Accordingly, the trial court's March 11, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

---

[3] In said footnote, the Commonwealth correctly notes that although Appellant has included a subsection in his brief entitled "Argument for the Appellant – Rule 2119," Appellant's "brief contains neither a Rule 2119(f) Statement requesting permission to appeal his sentence, nor any analysis of the Sentencing Code as is required by this Court's case law." Commonwealth's Brief at 17, n.3.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2015