J-S11024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMAL TAIT | : | |
| | : | |
| Appellant | : | No. 951 WDA 2019 |

Appeal from the PCRA Order Entered May 29, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009086-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMAL TAIT | : | |
| | : | |
| Appellant | : | No. 952 WDA 2019 |

Appeal from the PCRA Order Entered May 29, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009526-1998

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 3, 2020**

Jamal Tait (Appellant) appeals from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the background of this case as follows:

> In November 1999, [Appellant] was convicted by a jury of Murder in the Third Degree, Accidents Involving Death or Personal Injury, Homicide by Vehicle, Fleeing or Attempting to

Elude a Police Officer, Violation of the Uniform Firearms Act, Recklessly Endangering Another Person (4 counts), Driving Under the Influence, Homicide by Vehicle with DUI, Simple Assault (2 counts), and numerous motor vehicle violations. On January 13, 2000, [Appellant] was sentenced to an aggregate term of 28½ to 57 years imprisonment.

[Appellant's] sentence has been affirmed on appeal and his two previous PCRA Petitions have been dismissed.

PCRA Court Opinion, 7/12/19, at 1.

In denying Appellant's second petition seeking PCRA relief, this Court explained:

Appellant's judgment of sentence was affirmed by a panel of this Court on November 1, 2001. *See Commonwealth v. Tait*, 792 A.2d 619 (Pa. Super. 2001) (unpublished memorandum). Appellant then filed a petition for allowance of appeal with our Supreme Court. This petition was denied on May 29, 2002. Appellant's judgment of sentence became final 90 days later, on August 27, 2002. Appellant had one year from that date, or by August 27, 2003, to file a timely PCRA petition. Appellant filed the instant petition on July 28, 2011, nearly eight years late. Accordingly, the PCRA court had no jurisdiction to entertain Appellant's petition unless he pleaded and offered to prove one of the three statutory exceptions to the time bar. *See* 42 Pa.C.S. § 9545(b).

*Commonwealth v. Tait*, No. 513 WDA 2013, at *1 (Pa. Super. Nov. 20, 2013).

On October 19, 2018, Appellant filed the underlying PCRA petition, in which he averred that he is entitled to a new trial based on after discovered evidence from a trial witness, Erick Stemmerick, who was a passenger in the vehicle with Appellant when Appellant fled from police who were trying to apprehend the speeding vehicle, which ultimately crashed into and killed a

- 2 -

seven-year-old boy. Within his petition, Appellant attached an affidavit from Stemmerick stating that police had "coached" and "threatened" him, such that he lied at trial. Stemmerick claimed that he and Appellant "were riding peacefully until a confrontation that took place with 2 guys" and "unfortunately a police chase ensued and a little kid lost their life." Affidavit, 8/28/18, at 2. Stemmerick asked that his trial testimony be stricken. The PCRA court summarized:

> Mr. Stemmerick, who was 14 years of age at the time of the incident, states that the police "never broke the chase", they were not "high" that day, and they were riding in the vehicle "peacefully" until there was a confrontation with "2 guys."

PCRA Court Opinion, 7/12/19, at 2, citing Stemmerick's Affidavit, 8/28/18.

Although the PCRA court determined that Appellant met the after discovered evidence exception to the PCRA's one year time bar, **see** 42 Pa.C.S.A. §§ 9545(b)(1)(ii), the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907; the PCRA court reasoned that the "new statements" of Stemmerick, which differed "substantially" from his trial testimony, "even if believed, would not compel a different verdict if the [PCRA c]ourt granted a new trial." PCRA Court Opinion, 7/12/19, at 2. On May 28, 2019, the PCRA court dismissed Appellant's PCRA petition. This appeal followed.

Appellant presents the following issue for our review:

I. WHETHER THE PCRA COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING WHERE A KEY WITNESS IN THE PROSECUTION'S CASE AGAINST APPELLANT ADMITTED TO LYING AT TRIAL, AND HIS TESTIMONY WAS RELEVANT TO ESTABLISHING APPELLANT'S MALICE, WHERE APPELLANT WAS CONVICTED OF THIRD-DEGREE MURDER IN A VEHICULAR RELATED DEATH?

Appellant's Brief at 4.

Appellant argues that he was entitled to an evidentiary hearing pursuant to Pa.R.Crim.P. 908(A)(2) because he raised material issues of fact to be resolved. Appellant's Brief at 11. Rule 908 provides for a hearing,

. . . when the petition for post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact. However, the judge may deny a hearing on a specific issue of fact when a full and fair evidentiary hearing upon that issue was held at trial or at any proceeding before or after trial.

Pa.R.Crim.P. 908(A)(2).

Here, Appellant claims that the newly discovered evidence from the witness, Stemmerick, is material because, at trial, Mr. Stemmerick's testimony established that Appellant "acted recklessly and with indifference, and therefore acted with malice," to support the jury's verdict of third-degree murder. Appellant argues:

At trial, Stemmerick testified as to the reckless nature of Appellant's driving. Specifically, Stemmerick testified that Appellant made turns down roads he was not allowed to, and that despite him pleading with Appellant to slow down, Appellant maintained a dangerously high rate of speed. Stemmerick also testified that Appellant was smoking marijuana before the police chase ensued. Furthermore, Stemmerick testified as to the presence of children on the side of the road not long before the accident took place and that despite this, Appellant failed to slow

- 4 -

down. Because Stemmerick was one of only two people in the vehicle with Appellant during the time leading up to the accident, his testimony was an integral piece in the Commonwealth's case to establish recklessness.

In his affidavit, Stemmerick recants his trial testimony and admits he lied as a result of pressure from the police and district attorney. Stemmerick explains that the police "harassed him and told him to lie [at trial]." Stemmerick goes on to say that both he and Zotter, who was the only other person in the vehicle with Stemmerick and Appellant, were told to "say what wasn't true" and that "if we didn't cooperate, [they] would go to jail." These statements, if true, establish that Stemmerick lied at trial regarding Appellant's culpability and state of mind. Specifically, if Stemmerick and Zotter's testimony that Appellant was smoking marijuana and driving recklessly was a lie, then the Commonwealth may not be able to establish that Appellant acted with malice, which is required to convict him of third-degree murder.

Appellant's Brief at 12-13 (citations to reproduced record omitted).

The Commonwealth responds that the "record appears to support the PCRA court's finding that [A]ppellant has satisfied the jurisdictional threshold for the newly-discovered fact exception to [the] time bar." Commonwealth Brief at 17. However, the Commonwealth, like the PCRA court, maintains that Appellant has failed to establish that the new evidence would likely result in a new verdict. *Id.* at 19. The Commonwealth recognizes that to obtain relief based on after discovered evidence, Appellant "must show that the evidence (1) could not have been obtained prior to or before the conclusion of trial through reasonable diligence; (2) is not merely cumulative; (3) will not be used solely for impeachment purposes; and (4) would likely compel a different verdict if a new trial were granted. *Id.* at 18, citing *Commonwealth v.*

*Brown*, 111 A.3d 171, 177 (Pa. Super. 2015); *Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. Super. 2018) (analysis has "four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request of a new trial").

The Commonwealth further observes — correctly — that Stemmerick's "new" statement — that no one was high on marijuana on the day of the accident — is consistent with his trial testimony that no one could have been high because the blunt was rolled too tight to get a hit. *Id.* at 19, citing N.T., 11/23-30/99, at 258-261.

As to Stemmerick's claim in the affidavit, contrary to his trial testimony, that police "never broke the chase," the trial testimony of at least three other witnesses indicates otherwise. Police Officer Donald Mason testified that he ceased pursuit as the chase led through residential streets, and this testimony was corroborated by Police Officer James Dunham, who testified he was following in an "unmarked unit." N.T., 11/23-30/99, at 148. Officer Dunham said Appellant ran a stop sign, and "Officer Mason, being the lead car, called the chase off. He pulled over right by Orchlee. . . . It was [also] called off verbally on the radio plus he pulled over, turned off his emergency lights and siren." *Id.* at 149. Moreover, the other passenger in Appellant's car, Tim Zotter, who was 18 at the time, testified that he told Appellant to "slow down" and Appellant responded that "we got them beat." *Id.* at 224.

Further, even if Stemmerick's assertion in the affidavit that police coerced him to lie at trial, and in reality never "broke the chase," it would not obviate the jury's ultimate determination that Appellant possessed the requisite malice to support his conviction of third-degree murder. Our Supreme Court has explained that "[t]hird-degree murder is defined as 'all other kinds of murder,' *i.e.*, those committed with malice that are not intentional (first-degree) or committed during the perpetration of a felony (second-degree)." *Commonwealth v. Packer*, 168 A.3d 161, 1168 (Pa. 2017). "Malice is a legal term, [which] comprehends not only a particular ill-will, but every case where there is wickedness of disposition, hardness of heart, cruelty, **recklessness of consequences**, and a mind regardless of social duty, although a particular person may not be intended to be injured." *Id.* citing *Commonwealth v. Drum*, 58 Pa. 9, 15 (1868) (emphasis added). In *Packer*, the Supreme Court affirmed a third-degree murder conviction of a defendant who "inhaled (or 'huffed') difluoroethane ('DFE')" and then drove her vehicle, head-on at 42 m.p.h., into another vehicle, causing "within minutes," the death of the approaching driver. *Id.* at 162, 164. The Court held:

> The standard for malice enunciated in *Dunn*, reiterated in [*Commonwealth v.*] *O'Hanlon,* [653 A.2d 616 (Pa. 1995)], and reaffirmed today requires recklessness of consequences and the conscious disregard for an unjustified and extremely high risk that a chosen course of conduct might cause a death or serious personal injury.

*Packer*, 168 A.3d at 172.

- 7 -

In this case, the record — even with Stemmerick's affidavit — would support the finding that Appellant possessed malice in his actions which led to the death of the young boy. As the Commonwealth emphasizes, Stemmerick's affidavit refuting much of his trial testimony "does not dispute that during the chase, [A]ppellant had been driving on mostly residential streets at speeds well above the posted limits. He also does not dispute that [A]ppellant disregarded at least twelve stop signs and several watch children signs, flew through a red light, made an illegal left-hand turn and swerved around a police roadblock during the pursuit. Importantly, all eyewitnesses, including Stemmerick, agreed that [A]ppellant was traveling at a high rate of speed when he struck the young victim . . ." Commonwealth Brief at 23, citing N.T., 11/23-30/99, at 138-49, 364.

> Consistent with the foregoing, the PCRA court concluded:
>
> [Mr. Stemmerick's affidavit] statements differ substantially from Mr. Stemmerick's trial testimony, along with the trial testimony of the police officers and other third party witnesses. The police testified that they terminated the chase after about two miles because they were concerned for the safety of innocent bystanders. Also, an expert witness testified that the amount of marijuana in [Appellant's] system was sufficient to establish intoxication and eyewitnesses testified that [Appellant] was driving erratically and at a very high rate of speed. The bottom line is that even if the new statements are to be believed, they would not compel a different verdict if the [c]ourt granted a new trial.

PCRA Court Opinion, 7/12/19, at 2.

As discussed above, this conclusion is supported by the record. We therefore discern no error in the PCRA court's denial of relief on the basis that

- 8 -

a new trial "would not compel a different verdict." **Brown**, 111 A.3d at 177;

**Small**, 189 A.3d at 972.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/3/2020