J-A04025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER GANGES | : | No. 1312 EDA 2023 |

Appeal from the Order Entered May 5, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009039-2022

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED APRIL 2, 2024**

The Commonwealth appeals from the order entered by the trial court denying its motion to refile a charge against Christopher Ganges for aggravated assault of an unborn child.[1] We affirm.

The charge against Ganges arose from an incident that occurred with his former girlfriend. Following this incident, the Commonwealth charged Ganges with numerous crimes including aggravated assault of an unborn child.

The case proceeded to a preliminary hearing in Philadelphia Municipal Court. The victim testified that during an argument in their home, she and Ganges began "tussling." N.T., Preliminary Hearing, 12/22/22, at 6. At the time, the victim was nine to 10 weeks pregnant. **Id.** at 5. This tussling

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2606.

included Ganges attempting to go upstairs and the victim not allowing him to do so. *Id.* Ganges "grabbed [her] by the neck and pushed [her] back." *Id.* The victim described the push as a "quick push[.]" *Id.* at 7. The victim "stumbled back over whatever was behind" her but did not fall to the ground. *Id.* at 7, 11. The victim testified that blood then began "gushing down [my] leg." *Id.* at 7. She said to Ganges, "I don't know what is going on with our baby right now." *Id.* Ganges replied, "That is on you." *Id.* Ganges eventually left the home after the victim fired a warning shot into the ceiling. *Id.* at 8, 9. Before leaving, Ganges took a Ring camera from the front area of the house. *Id.* at 7, 8. The victim testified that when she went to the doctor the following day, the baby no longer had a heartbeat. *Id.* at 9.

After hearing the evidence, the court stated, "I am holding this for Court." *Id.* at 13. The same day, however, the court marked the charges of burglary and aggravated assault of an unborn child as dismissed for lack of evidence. *See* Trial Disposition and Dismissal Form, filed 12/22/22. The Commonwealth gave notice it was seeking to refile the aggravated assault charge in Common Pleas Court. *See* Notice of Refiling of Criminal Complaint, filed 2/3/23.

At the refile hearing, the Commonwealth alleged that Municipal Court had erroneously reopened the record *sua sponte* and dismissed the aggravated assault charge after holding it for court at the preliminary hearing. *See* N.T., Refile Hearing, 5/5/23, at 6. The Commonwealth further maintained that it had presented a *prima facie* case of aggravated assault. It directed the

- 2 -

court's attention to the victim's testimony at the preliminary hearing and Ganges' response when the victim said, "I don't know what's going on with our baby." *Id.* at 12.

The court rejected the Commonwealth's argument that the preliminary hearing judge had reopened the record *sua sponte* after holding the charges. It also denied the motion to refile due to lack of evidence. *Id.* at 17. This timely appeal followed.

The Commonwealth raises the following issues:

I.      Did the lower court err by *sua sponte* reopening the record in a case that had already been held for trial in the Court of Common Pleas on all charges, and summarily discharging aggravated assault of an unborn child?

II.      Did sufficient evidence support a *prima facie* case of aggravated assault of an unborn child, where it showed that [Ganges] caused serious bodily injury to his unborn child and that he acted recklessly under circumstances manifesting an extreme indifference to the value of the life of the fetus?

Commonwealth's Br. at 5 (answers of the trial court omitted).

The Commonwealth renews its arguments that the preliminary hearing judge erroneously reopened the record and dismissed the charge of aggravated assault of an unborn child after holding the case over for trial on "all charges[.]" *Id.* at 10. It notes that at the end of the preliminary hearing the court stated, "I am holding this for court." The Commonwealth contends that "[t]here is nothing in the record to suggest that the court did not intend to hold [Ganges] for court on *all* of the charges." *Id.* at 11 (emphasis in original).

The Commonwealth's claim is meritless. The record does not show that Municipal Court reopened the record after the preliminary hearing. At the end of the hearing, the court ambiguously stated that it was "holding this for [c]ourt." It did not specify the charges being held, much less say it was holding all charges, and the Commonwealth did not seek clarification. N.T., Preliminary Hearing, at 13. We discern no error.

Next, the Commonwealth claims the trial court applied an incorrect legal standard and ignored the evidence when it denied the Commonwealth's motion to refile. It further argues that the court failed to make all reasonable inferences in its favor. It maintains that the testimony that Ganges grabbed the pregnant victim by her neck and shoved her demonstrated his depraved indifference to the life of the unborn child. It further maintains that Ganges' remark after the victim began bleeding is evidence of malice. Thus, the Commonwealth alleges that it presented *prima facie* evidence supporting the charge of aggravated assault of an unborn child.

Whether the Commonwealth met its burden of presenting a *prima facie* case is a question of law. Our standard of review is *de novo*, and our scope plenary. **See Commonwealth v. Wroten**, 257 A.3d 734, 742 (Pa.Super. 2021).

The Commonwealth carries its burden of showing a *prima facie* case when it "produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense." **Id.** (citation omitted). The court at the preliminary

hearing must determine whether there is *prima facie* evidence "that (1) an offense has been committed and (2) the defendant has committed it." Pa.R.Crim.P. 542(D). In making this determination, the court must consider the evidence in the light most favorable to the Commonwealth's case and make all inferences reasonably drawn from the evidence of record in the Commonwealth's favor. **See Commonwealth v. Perez**, 249 A.3d 1092, 1102 (Pa. 2021).

A person commits aggravated assault of an unborn child when the person "attempts to cause serious bodily injury to the unborn child or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the life of the unborn child." 18 Pa.C.S.A. § 2606(a). "[F]or the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue." **Commonwealth v. Packer**, 168 A.3d 161, 170 (Pa. 2017) (quoting **Commonwealth v. O'Hanlon**, 653 A.2d 616, 618 (Pa. 1995)).

Here, the court determined that the Commonwealth failed to present *prima facie* evidence for the charge.

> In this case, there was no evidence that Ganges attempted to cause serious bodily injury to the unborn child. Ganges grabbed [the victim] by the neck once performing a "quick push." This caused [the victim] to stumble back but she did not hit the ground. These actions do not show evidence of an attempt to cause serious bodily injury to the unborn child.

Ganges' actions do not rise to the level of extreme indifference to the life of the unborn child. For conduct to rise to this level, "the offensive act must be performed under circumstances which almost assure that injury or death will ensue." **Commonwealth v. Nichols**, 692 A.2d 181, 185 (Pa. Super. Ct. 1997) *quoting* **Commonwealth v. O'Hanlon**, 539 Pa. 478, 482, 653 A.2d 616, 618 (1995). Ganges' actions of grabbing [the victim] by the neck and pushing her, causing her to stumble do not manifest a level of extreme indifference to the life of the unborn child.

Although [the victim] went to the doctor's office the day after the altercation and was informed that the child did not have a heartbeat, there was no evidence that Ganges intentionally, knowingly or recklessly caused injury or death to the child. There were no medical reports or opinions indicating that [t]he child's lack of heartbeat was caused by any actions by Ganges. To find otherwise would be improperly relying on mere speculation and assumption.

Taking the evidence in the light most favorable to the Commonwealth and all reasonable inferences therefrom, the Commonwealth's refile petition was properly denied.

Rule 1925(a) Opinion, filed 7/20/23, at 5-6. We agree with the court's conclusion.

The Commonwealth failed to present evidence that Ganges attempted to cause serious bodily injury to the unborn child or caused "such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the life of the unborn child." 18 Pa.C.S.A. § 2606(a). Ganges grabbed the victim by the neck, and although he pushed her, she did not fall. He did not direct any of his assault to the victim's womb or any other part of the body where his action would give rise to an inference that he intended to cause injury to the unborn child or acted in reckless disregard of the possibility of such an outcome. There is no testimony that Ganges

expressed his intention to harm the unborn child. Furthermore, although the victim testified that the day after the incident the unborn child no longer had a heartbeat, there is no evidence that Ganges caused its heart to stop beating. Moreover, the evidence does not support a finding that Ganges' actions were "performed under circumstances which almost assure[d] that injury" would occur to the unborn child. **O'Hanlon**, 653 A.2d at 618. Viewing the evidence in the light most favorable to the Commonwealth, and making all reasonable inferences in its favor, we conclude that the Commonwealth failed to present *prima facie* evidence of the charge.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/2/2024