J-A23016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFERY R. RANKER | : | |
| | : | |
| Appellant | : | No. 1162 WDA 2024 |

Appeal from the PCRA Order Entered August 30, 2024
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000761-2019

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

DISSENTING MEMORANDUM BY McLAUGHLIN, J.:     **FILED: April 20, 2026**

I respectfully disagree with the Majority that this Court should determine, in the first instance, whether Jeffrey R. Ranker established that his counsel lacked a reasonable basis for his actions or whether Ranker established prejudice. Accordingly, I would remand for the Post Conviction Relief Act ("PCRA") court to make the required factual determinations.

Here, the PCRA court addressed only the first prong of the ineffectiveness test, concluding the underlying claim – that "there was insufficient evidence to support the charge of third degree murder as there was no evidence of malice" – lacked merit. PCRA Ct. Op., filed Nov. 14, 2024, at 3-5. The court erred in this finding. "[M]alice is present under circumstances where a defendant did not have an intent to kill, but nevertheless displayed a conscious disregard for an unjustified and extremely high risk that his actions might cause death or serious bodily harm." ***Commonwealth v. Peters***, 320

A.3d 1231, 1238 (Pa.Super. 2024) (*en banc*) (citation omitted). Driving while under the influence of alcohol or a controlled substance "does not, standing alone, constitute malice." **Id.** (quoting **Commonwealth v. Packer**, 168 A.3d 161, 170 (Pa. 2017)) (emphasis omitted).

In **Commonwealth v. O'Hanlon**, the Pennsylvania Supreme Court found that the Commonwealth did not prove malice where the defendant "dr[o]v[e] while inebriated, ran a red light[,] and struck another vehicle, seriously injuring both the other driver and himself." 653 A.2d 616, 616 (Pa. 1995) (footnote omitted). The Court explained, "There must be an element of deliberation or conscious disregard of danger not present to the same extent in, *e.g.*, either reckless endangerment, to which appellant admits, or driving while intoxicated." **Id.** at 618 (italics added). The Court further stated that "the offensive act must be performed under circumstances which almost assure that injury or death will ensue. The recklessness must, therefore, be such that life threatening injury is essentially certain to occur." **Id.** It found the evidence insufficient because there, the appellant merely "drove while intoxicated," and "[s]erendipity, not intention, placed the victim in his path when he drove through the red light." **Id.** The court noted that it was "not clear as [to] whether he even saw the victim's car coming." **Id.**[1]

---

[1] "There is no distinction between the malice essential to third degree murder and that necessary for aggravated assault." **Commonwealth v. Kling**, 731 A.2d 145, 147 (Pa.Super. 1999).

In cases like the this, where the prosecution seeks to prove malice by showing a reckless disregard of consequences, Pennsylvania courts have thus required evidence of the defendant's awareness of the risk. Evidence accepted as sufficient has included nearly colliding with other cars, seeing the victims before they were struck, and a driver's knowledge that she had previously passed out after ingesting a substance. *Compare, e.g., Commonwealth v. McHale*, 858 A.2d 1209, 1211 (Pa.Super. 2004) (finding the defendant's actions did not rise to recklessness where the defendant did not have a valid driver's license, drove while intoxicated, revved his engine, sped through a driveway, came into contact with a parked car on the side of the road, pushed that car eight inches, and collided with two pedestrians, who suffered significant injuries, including that one pedestrian spun and landed 46 feet from the parked car and the second was propelled 79 feet from the point of impact), *with, e.g., Commonwealth v. Packer*, 168 A.3d 161, 163-64 (Pa. 2017) (finding sufficient evidence of malice where the defendant huffed aerosol dust-remover in her car, told her fiancé, "How much do you trust me?," before driving, continued to huff while driving, became zombified, drifted into oncoming traffic, hit a car and killed its occupant, and told police she had had blacked out on previous occasions when she huffed dust-remover); *Peters*, 320 A.3d at 1243 (finding, in a "close call," that the evidence was sufficient to support malice where the defendant attempted to exit his parking garage but could not operate the garage's payment machine, damaged the gate when he forcibly opened it to exit, and, after he exited, "numerous instances alerted

him that continuing to drive, while significantly impaired, posed an extremely high and unjustifiable risk to others," including his narrowly avoiding hitting two motorists, who each called the police, and twice missing his exit even though he had lived in the area for six years, and he admitted he took his eyes off the road while going 100 miles per hour to retrieve his phone from the passenger-side floor); **Commonwealth v. Dunphy**, 20 A.3d 1215, 1216-18, 1219-20 (Pa.Super. 2011) (finding sufficient evidence of malice where the defendant struck and killed a pedestrian while driving under the influence of alcohol where the defendant was going approximately 60 miles per hour in a 35 mile per hour zone, did not stop after he hit the victim, informed a police officer he had been going to his cousin's house because he did not think he could make it home, and stated he saw pedestrians crossing the street but accelerated so he could make the light, and the victim's body came to rest about 178 feet north of where she was hit and had been airborne or on the hood of defendant's truck for 135 feet).

Here, the sole facts offered to support the third-degree murder conviction were that Ranker was under the influence of controlled substances and speeding when he hit the decedent. **See** N.T., Dec. 10, 2019, at 10 (assistant district attorney and defense counsel agreeing that malice existed due to the ingestion of subozone and driving at a speed greater than the speed

limit).[2] This does not support a finding of malice. ***See, e.g., O'Hanlon***, 653 A.2d at 618.

After concluding the underlying claim lacked merit, however, the PCRA court made no findings regarding the reasonable basis and prejudice prongs of the ineffective assistance of counsel test. Further, the Commonwealth made no argument before the PCRA court or on appeal as to the reasonable basis and prejudice prongs of the test. Rather, the Commonwealth's sole argument is that the underlying claim lacked merit.[3]

I further point out that at the PCRA hearing, trial counsel testified via Zoom and some portions of his testimony were inaudible:

> Q. Do you believe as an attorney that taking suboxone, driving exceeding a speed of the posted limit and causing a crash resulting in the death of the victim supports a factual basis for the guilty plea in this case?
>
> A. Um, so thinking back and reviewing the records and seeing that and then reflecting on the fact that the only substance we're talking about here is suboxone without any

---

[2] This analysis would not differ if Ranker had other controlled substances in his system, as there is nothing in the case law to suggest that the type of controlled substances ingested impacts whether malice existed.

[3] In its brief, the Commonwealth cites "***Commonwealth v. Taylor***, 831 A.2d 587 (Pa.Super. 2003)," and states that there "the court emphasized that malice in DUI-related homicide can be established by the defendant's knowledge of the risks associated with driving while intoxicated, especially if the defendant has previous DUI convictions or has completed court-ordered alcohol education programs." Commonwealth's Br. at 5; Brief in Opposition of Defendant's PCRA Petition, filed July 29, 2024, at 3. The citation provided is to a Pennsylvania Supreme Court case, ***Commonwealth v. Taylor***, 831 A.2d 587 (Pa. 2003), which discusses the *corpus delicti* rule. It is not a third-degree murder or DUI case. I have been unable to find a case that stands for the proposition expressed by the Commonwealth.

other instances on the record and in reviewing the case law and the more recent case law, I think that definitely if (inaudible due to [Z]oom connection) in front of the jury if it gets there with malice, I still think it does.

. . .

Q. Did you have a reasonable basis for advising your client to plead guilty based upon the limited factual basis in this case?

A. (inaudible due to Zoom connection) When I reviewed the record, I don't think that suboxone is enough to prove malice.

N.T., June 25, 2024, at 11-15.

Here, respectfully, I believe the Majority makes credibility determinations and factual findings that should be left to the PCRA court in the first instance. Under the circumstances of this case, I would remand to the PCRA court for it to make determinations as to the reasonable basis and prejudice prongs of the ineffectiveness test.[4]

---

[4] Further, the Majority maintains that because Ranker faced other charges, Ranker's challenge to the third-degree murder conviction "ignores the reality that he faced serious charges even if the Commonwealth could not secure a guilty verdict for third-degree murder." Majority at 12. However, a third-degree murder conviction carries the risk of life imprisonment upon a second conviction that the other charges do not carry:

> **(a) Mandatory life imprisonment.--**Notwithstanding the provisions of section 9712 (relating to sentences for offenses committed with firearms), 9713 (relating to sentences for offenses committed on public transportation) or 9714 (relating to sentences for second and subsequent offenses), any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter

*(Footnote Continued Next Page)*

_____

in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9715(a).